UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff ) | |
| v. ) | Case No. 04-CR-33 |
| ) | |
| GENE WINFIELD STEPP ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the court is Defendant, Gene Winfield Stepp's, "Motion to Correct Error Pursuant to Federal Rule of Criminal Procedure 35" filed on March 22, 2005. The Government responded on April 19, 2005 to which Defendant replied on April 21, 2005. For the following reasons, the Defendant's motion will be DENIED.

**BACKGROUND**

Defendant was charged by way of a multi-count indictment with attempting to distribute crack cocaine and/or aiding and abetting the attempted distribution of crack (Count 1) and conspiracy to distribute crack cocaine (Count 2), both in violation of 21 U.S.C. §846. On August 3, 2004, Stepp entered into a plea agreement with the Government wherein he agreed to plead guilty to Count 1 of the indictment in exchange for the Government's dismissal of Count 2 and the Government's forbearance on filing a §851 enhancement. Stepp also agreed that the amount of crack cocaine involved in the offense was more than 50 but less than 150 grams. Subsequently, Stepp pled guilty in open court pursuant to a Fed.R.Crim.P. 11 colloquy.

Thereafter, the probation office prepared a Presentence Investigation Report ("PSR") which

calculated Stepp's total offense level to be 27 and placed him in criminal category II.  As a result of these calculations, Stepp's advisory guideline range was 78 to 97 months.

On March 21, 2005, Stepp appeared for sentencing.  At that time, the Government and the Defendant submitted an "Agreed Motion for Downward Departure Pursuant to §5K1.0 of the Sentencing Guidelines" wherein the Government agreed, due to the substantial assistance of Stepp, to depart two levels to an offense level of 25 with a criminal history category of II.  In addition, the Government recommended the low end of the new advisory guideline range of 63 to 78 months.  In exchange for the Government's agreement, Stepp agreed that the original guideline range was "the correct guideline range" and that the total offense level and criminal history category found by the probation officer were correct.  Stepp also expressly withdrew any objections to the PSR concerning the original calculations made by the probation officer.[1]  Based upon this agreement, the Court sentenced Stepp to 63 months imprisonment.

Stepp now seeks, by way of his Rule 35 motion, to correct what he calls an "error" made in his sentencing.  To this end, Stepp contends that the 2003 version of the United States Sentencing Guidelines should have been used to calculate his original guideline range and that if those guidelines had been utilized his total offense level, inclusive of the §5K1.1 departure, would have

---

[1] The relevant paragraph reads as follows:

> Based on his plea to the charge in Count 1, the defendant, Gene Winfield Stepp, is currently facing an advisory guideline range of 78 to 97 months based upon a total offense level of 27 and a criminal history category of II as set out in his Presentence Investigation Report (PSR).  The statutory maximum sentence he faces is imprisonment of not more than twenty (20) years.  The government and the defendant specifically agree by and through this motion, that, among other things, this is the correct guideline range, statutory maximum, total offense level and criminal history category and that the defendant withdraws any objections that are currently pending or any other objection that he may make at or before sentencing with the Court concerning the guideline range, total offense level and criminal history category set forth above.

been 23 leaving him with an advisory guideline range of 51-63 months.

In response, the Government's argument is two-fold. First, the Government contends that Stepp waived this objection by virtue of his agreement with the Government in the Agreed Motion for Downward Departure. Second, the Government argues, essentially, that the consideration for the Government's agreement to recommend a downward departure of two levels from the 2004 Guidelines is that the 2003 Guidelines were not used to calculate Stepp's sentence. As a result, the Government's position is that Stepp can either have the 2003 Guidelines applied to his case *OR* the downward departure he agreed to, but not both. In any event, under the Government's rationale, Stepp's total offense level remains 25 leaving him with an advisory guideline range of 63-78 months.

Rule 35(a) of the Federal Rules of Criminal Procedure states, in relevant part, that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." According to the 1991 Advisory Committee Notes on Rule 35:

> The authority to correct a sentence under [Rule 35(a) ] is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would most certainly result in a remand of the case to the trial court for further action.... The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.

See also, *Huang v. United States*, 2005 WL 550888, *2 (S.D.N.Y. March 9, 2005).

In this case, Stepp seeks to rewrite the contract he made with the Government by virtue of signing the Agreed Motion for Downward Departure. Recently, however, the Seventh Circuit reiterated that agreements between the Government and the Defendant are contracts subject to the

3

highly developed principles of contract law.  And, while the agreements in the context of a criminal prosecution "must be tempered by recognition of the limits that the Constitution places on the criminal process," a defendant "assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one." *United States v. Bownes*, ___ F.3d ___, 2005 WL 949037 (April 26, 2005).  Here, not only has Stepp assumed the risk of future changes in the law which would affect his sentence but he also agreed to waive any objection that he could have made at sentencing, including the issue of whether the appropriate version of the Guidelines had been utilized and thus, whether his advisory guideline range was properly calculated.  This was the consideration for his bargain with the Government.  In hindsight, Stepp may believe his bargain to have been a bad one; yet, he is bound nonetheless.  The same is true for the Government; had it turned out in hindsight that the Government made a deal which put the defendant's sentence too low, it would not be able to rescind the agreement with Stepp to provide him with the two level reduction; nor would it be entitled to apply a more onerous version of the Guidelines.  This is the risk inherent for both parties and as the Seventh Circuit has stated "what is sauce for the goose is sauce for the gander." *Id.*

## CONCLUSION

Given that Stepp *agreed* to the guideline calculation and the guideline range in exchange for the government's agreement to file a 5K1.0 departure motion, the court cannot conclude that the sentence imposed was the product of arithmetical, technical or other clear error.  Accordingly, Stepp's motion under Fed.R.Crim.P. 35 is DENIED.

Entered: This 10th day of May, 2005

s/ William C. Lee<br>United States District Judge